UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO DARNELL MAYS,

        Plaintiff,

        v.                                    Case No. 21-cv-0295-bhl

SUSAN PETERS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Antonio Darnell Mays, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Green Bay Correctional Institution (GBCI). This order resolves Mays' motion for leave to proceed without prepayment of the filing fee and screens the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Mays requested leave to proceed without prepaying the full filing fee. A prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mays filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.05. The Court will grant Mays' motion for leave to proceed without prepaying the filing fee.

### SCREENING THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

Mays is an inmate at GBCI. Dkt. No. 1 at 1. Defendants Susan Peters and Lori-Jean Mettetal are nurse practitioners at the institution. *Id*. at 1-2.

2

Mays has had severe pain in this stomach and back since at least May 2020. *Id*. at 2. On or around May 27, 2020, Peters ordered a CT scan to be completed at a local hospital. *Id*. Mays states that he did not actually receive the CT scan until about six months later, on November 27, 2020. *Id*. at 2-3. About five days after that, on December 2, 2020, Peters received the results of the CT scan, but she never contacted Mays to discuss the results. *Id*. at 3. Instead, she simply ignored his HSU requests, even though he was in pain. *Id*. About six weeks later, on January 14, 2021, Mays finally learned the results of his CT scan during an appointment with Mettetal. *Id*. At that appointment, Mettetal reported that the CT scan showed a stomach hernia, a swollen liver, and issues with four of the discs in his lower back. *Id*. Mettetal suspected that these issues were causing his severe pain, so she ordered an appointment with a specialist. *Id*. Mays states that he still has not seen a specialist, and that Peters and Mettetal still have not provided any form of pain relief in the meantime. *Id*. at 3-4. Mays also appears to believe that Peters and Mettetal are intentionally delaying his treatment because they knew what was wrong with him and didn't timely tell him. *See id*. For relief, Mays seeks monetary damages and an injunction. *Id*. at 4.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

"[T]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

3

To state a claim, Mays must allege: (1) that he suffered from an objectively serious medical condition and (2) that the defendants were subjectively deliberately indifferent to that condition. *Id*. at 727–28. In the prison medical care context, examples of deliberate indifference can include: (1) ignoring a request for medical assistance; (2) refusing to take instructions from a specialist; (3) persisting in a course of treatment known to be ineffective; (4) choosing an easier and less efficacious treatment without exercising medical judgment; and (5) delaying in treatment which serves no penological interest. *Id.* at 729-31.

Mays alleges that he has had severe stomach and back pain since at least May 2020. He alleges that Peters and Mettetal have ordered a CT scan and have agreed to send him to a specialist, but they have not done anything to resolve his complaints of pain in the meantime. As a result, Mays states that has been in constant pain for over a year with no relief. Mays also appears to believe that Peters and Mettetal are intentionally delaying his treatment because they have not been responsive to his inmate complaints and didn't timely tell him the results of his CT scan; he notes that his appointments also have not been timely scheduled.

There may very well be more to the story than Mays alleges. It may be that Peters and Mettetal have not been deliberately indifferent to Mays' medical condition and have been doing the best they can to treat him. Among other possibilities, it could be that hospitals and specialists are busy, and that Mays has been receiving the first available appointments. But these and related questions cannot be resolved at this early stage of the litigation. Based on the allegations in his complaint, Mays may proceed with an Eighth Amendment claim that Peters and Mettetal failed to treat his severe stomach and back pain and/or were intentionally delaying his treatment for no penological reason.

4

## CONCLUSION

The Court concludes that the plaintiff may proceed with an Eighth Amendment claim that Peters and Mettetal failed to treat his severe stomach and back pain and/or were intentionally delaying his treatment for no penological reason.

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Peters and Mettetal.

**IT IS ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Peters and Mettetal shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$346.95** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 19th day of April, 2021.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge